108 P.3d 805 (2005)
126 Wash.App. 250
QUALITY ROCK PRODUCTS, INC., a Washington Corporation, and Eucon Corporation, an Idaho Corporation, Appellants and Cross-Respondents,
v.
THURSTON COUNTY, a municipal corporation and political subdivision of the State of Washington, Respondent and Cross-Appellant.
No. 31689-7-II.
Court of Appeals of Washington, Division 2.
March 8, 2005.
*807 Gregory Jack Dennis, David J. Ward, The Landerholm Firm, Vancouver, WA, Dawn Linette Findlay, Inslee Best Doezie & Ryder PS, Bellevue, WA, for Appellant.
David Alan Bricklin, Bricklin Newman Dold LLP, Seattle, WA, Elizabeth Petrich, Attorney at Law, Olympia, WA, for Respondents.
VAN DEREN, J.
¶ 1 Quality Rock Products, Inc. and Eucon Corporation (collectively Quality Rock) appeal the trial court's dismissal of its petition under the Land Use Petition Act (LUPA).[1] Quality Rock argues that the trial court erred in (1) dismissing its petition for lack of jurisdiction under RCW 36.70C.040 based on the failure to name Black Hills Audubon Society (Black Hills) in the caption; and (2) denying its motion to amend the caption. Thurston County (County) cross-appeals, arguing that the trial court erred in ruling that Quality Rock properly served Black Hills under RCW 36.70C.040. The County also requests attorney fees for prevailing below. We deny the County's cross-appeal and request for fees, reverse the trial court's dismissal of the land use petition and denial of the motion to amend, and remand to the superior court for review of the merits of Quality Rock's petition.

FACTS

A. Quality Rock's Land Use Proposals and Thurston County's Review
¶ 2 Quality Rock leases land from Eucon Corporation to operate a 26-acre sand and gravel mine in Thurston County. The County issued a valid special use permit to allow Quality Rock's mine operations.
¶ 3 Quality Rock filed two independent land use proposals with the County in August 2001. One proposal sought to expand the existing mine from 26 acres to 151 acres. The second proposal sought changes to a previously approved asphalt plant.
¶ 4 In April 2002, the County hearing examiner issued a 40-page decision approving Quality Rock's proposals, subject to conditions. Black Hills appealed this decision to the Thurston County Board of Commissioners (Board). The Board reversed the hearing examiner's decision on Quality Rock's proposal to expand the mine and ordered that the hearing examiner review environmental issues relevant to the mine expansion proposal, such as water quality, traffic safety, and the status of existing special use permits. The Board also reversed the hearing examiner's decision on Quality Rock's asphalt plant proposal.
¶ 5 After a hearing to consider the issues on remand, the hearing examiner again granted both of Quality Rock's proposals, subject to conditions. Black Hills subsequently appealed this decision to the Board, but limited its challenge to Quality Rock's mine expansion proposal. Sue Danver, Black Hills' Conservation Chair, signed the County's appeal form on behalf of Black Hills.
¶ 6 The Board reversed the hearing examiner's second ruling on August 11, 2003. The Board's decision did not include an address for Black Hills.

B. Quality Rock's LUPA Action

1. LUPA Petition
¶ 7 On August 29, 2003, Quality Rock timely filed a land use petition challenging the Board's reversal of the hearing examiner's decision. Quality Rock's petition also sought money damages and declaratory relief from the County.
¶ 8 The land use petition's second page states:[2]
6. Parties to this Action:
6.01 Necessary Parties: The following parties are deemed necessary parties by the Petitioners. [The County] is a necessary party since they are the local jurisdiction *808 whose action is at issue. Black Hills Audubon Society is a necessary party pursuant to RCW 36.70C.040(2)(d) since they were the named party in the Board's Decision who filed an appeal to the local jurisdiction's quasi-judicial decision maker.
6.02 Additional Parties: Petitioners believe that Thurston County and the Black Hills Audubon Society are the only necessary parties to this action. However, the following parties are listed as additional parties since they participated below. [List of additional parties.]
Clerk's Papers (CP) at 595-96 (emphasis added).
¶ 9 The petition's statement of facts mentioned Black Hills in three paragraphs, recounting Black Hills' role and arguments in appealing the hearing examiner's decision. But neither the petition's caption nor the summons' caption included Black Hills.

2. Service, Motion to Dismiss, Limited Discovery, and Motion to Amend Petition's Caption
¶ 10 Quality Rock served the County on August 29, 2003. That same day, Quality Rock mailed the summons and petition to Black Hills' address on file with the Secretary of State. On September 2, 2003, Quality Rock's process server attempted to personally serve Black Hills at the same address; however, Black Hills' listed office suite number did not exist. The process server attempted to call Christina Peterson, Black Hills' President, but the process server could not reach her. Later that afternoon, Quality Rock's process server personally served Black Hills' Conservation Chair, Danver, at a private residence. On or about the same day, Danver hand delivered Quality Rock's summons and petition to Peterson.[3]
¶ 11 In October 2003, the County filed a motion to dismiss Quality Rock's petition. The County asserted that the trial court lacked jurisdiction to consider Quality Rock's petition because (1) the caption of the summons and petition did not name Black Hills; and (2) Quality Rock improperly served Black Hills. In response, Quality Rock filed a motion to permit limited discovery regarding the County's improper service allegation. The court granted this motion in early November 2003. Quality Rock scheduled depositions of Danver and Peterson.
¶ 12 But discovery did not occur because Quality Rock, the County, and Black Hills[4] stipulated to the following facts regarding Quality Rock's service of process on Black Hills:
1. On September 2, 2003, Sue Danver, the Conservation Chair for the Black Hills Audubon Society, was personally served with a copy of the Summons ... and [Petition].
2. On or about September 2, 2003, Sue Danver hand delivered the Summons and the Petition to Christina Peterson, the President of the Black Hills Audubon Society.
3. Sue Danver is a person who is over 18 years of age, competent to be a witness in this action, and not a party to this action.
4. The summons and petition were personally delivered to Christina Peterson ... within 21 days of the issuance of the [Board's land use decision] as defined by RCW 36.70C.040(4). As President of the Black Hills Audubon Society, Christina Peterson had the authority to accept service on behalf of Black Hills Audubon Society.
CP at 410-11.
¶ 13 The parties signed the stipulation on November 21, 2003. Quality Rock responded to the County's motion to dismiss in early December 2003. The County's reply argued that because the caption of the summons and petition did not name Black Hills, Quality *809 Rock did not make Black Hills a party under RCW 36.70C.040.
¶ 14 Approximately two weeks later, Quality Rock moved to amend the petition's caption to add Black Hills. The County responded that the motion to amend was less than five days before the scheduled hearing and, thus, untimely under CR 6(d).

C. Superior Court's Oral Ruling and Subsequent Written Orders
¶ 15 The court held a hearing on December 23, 2003. After extensive oral argument by Quality Rock, the County, and Black Hills, the court orally granted the County's dismissal motion. The court found that Quality Rock properly served Black Hills but that the petition's caption did not name Black Hills. Thus, Quality Rock did not comply with RCW 36.70C.040(2) and the court lacked jurisdiction to consider the merits of the land use dispute. See Report of Proceedings (RP) (Dec. 23, 2003) at 5 ("the basis for the Court's ruling is the failure to name [Black Hills in the caption]."). The court did not rule on Quality Rock's motion to amend the petition's caption.[5]
¶ 16 In February 2004, Quality Rock moved for reconsideration of the court's oral ruling and filed a Notice of Issue seeking a ruling on the motion to amend. On March 22, 2004, after a hearing, the court entered a written order that (1) denied Quality Rock's motions to amend and reconsider; and (2) affirmed its earlier oral ruling dismissing Quality Rock's LUPA action because the petition's caption did not name Black Hills as a party. The court also affirmed its prior ruling that Quality Rock properly served Black Hills under RCW 36.70C.040.
¶ 17 The trial court's written order dismissing Quality Rock's land use petition stated:
[T]he Court finds that no genuine issue of material fact exists. Petitioners failed to name all necessary parties in this case as required by RCW 36.70C.040(2) and Kitsap Co. Fire Dist. No. 7 [v. Kitsap County Boundary Review Board, 87 Wash.App. 753, 943 P.2d 380 (1997)]. Furthermore Petitioners' Motion to Amend Caption of Land Use Petition was denied as untimely. Even if the motion to amend was timely, the failure to name all necessary parties was inexcusable neglect because LUPA clearly specifies which parties must be named and the identity of [Black Hills] was well known since [Black Hills] actively participated in all of the administrative hearings. Defendant Thurston County is entitled to judgment as a matter of law and Petitioner's Motion to reconsider is denied.
CP at 25.[6]
¶ 18 The court also entered a CR 54(b) order certifying the finality of its ruling dismissing Quality Rock's petition. Quality Rock timely appealed. The County cross-appealed based on ineffective service and requested attorney fees for prevailing below.

ANALYSIS
¶ 19 Although the parties vigorously debate the trial court's dismissal of Quality Rock's land use petition, they agree that Quality Rock must timely file and serve its petition on the necessary parties under RCW 36.70C.040(2). It is undisputed that Quality Rock timely filed its petition with the trial court and properly served the County. And the parties agree that LUPA's statutory procedural requirements to commence a petition require more than substantial compliance.
¶ 20 But the County contends that Quality Rock's service of its summons and petition on Black Hills did not satisfy RCW *810 36.70C.040(2), (5).[7] And the parties dispute whether Quality Rock properly made Black Hills a party under RCW 36.70C.040(2). We first review the County's cross-appeal of the trial court's ruling that Quality Rock properly served their land use petition on Black Hills.

I. QUALITY ROCK'S SERVICE ON BLACK HILLS
¶ 21 We review a trial court's order of dismissal for an abuse of discretion. Rivers v. Washington State Conference of Mason Contractors, 145 Wash.2d 674, 684-85, 41 P.3d 1175 (2002).

A. Service Method and CR 4.
¶ 22 The County's challenge now focuses on how Quality Rock served Black Hills. Quality Rock responds that we should reject this argument because the County's position is inconsistent with the County's arguments to the trial court.[8]
¶ 23 After the parties executed the stipulation about Quality Rock's service on Black Hills' Conservation Chair, Danver, and Danver's service on Black Hills' President, the County's subsequent trial court pleadings  its reply to Quality Rock's opposition to the County's dismissal motion and its reply to Quality Rock's reconsideration motion  focused on the form of Quality Rock's caption, not on how Black Hills was served. See CP at 367 (framing their service challenge as "when the caption of the LUPA petition and the Summons do not name the person as a party") (emphasis added). Significantly, the County's reply to Quality Rock's reconsideration motion conceded that Quality Rock's service complied with CR 4(d) and RCW 36.70C.040(5), but argued that the caption failed to comply with CR 4(a) and (b). And consistent with its pleadings, the County focused on the caption of Quality Rock's summons and petition during oral argument at the trial court.
¶ 24 The trial court noted that its service ruling was narrow because of the serendipitous chain of events, but stated, "[W]e all can agree[,] I believe [,] that the [Black Hills] president is the proper person to have been served and given notice, and nobody is hiding behind that process. Everybody is up front, and they're saying, yes, in fact I got it." RP (Dec. 23, 2003) at 2 (emphasis added). At the reconsideration hearing, the court reviewed its service ruling and upheld it stating, "[T]he fact is that I have ruled, and I still agree with myself ... that service was effective." RP (Apr. 22, 2004) at 7.
¶ 25 The court did not discuss in detail how Black Hills was served because it was not an issue raised by the County. Instead, it dismissed Quality Rock's petition based on the County's argument that the caption was incorrect and therefore could not invoke the court's appellate jurisdiction under RCW 36.70C.040.
*811 ¶ 26 On appeal, the County now challenges how Black Hills was served. Significantly, the County discusses the parties' stipulation in a mere footnote. The County's assertion on appeal that Quality Rock "abandoned" certain service issues, such as whether Danver was a managing agent, are not supported by the record. Br. of Resp't at 13. Consequently, we need not consider the County's challenge to how Quality Rock served Black Hills. Postema v. Postema Enter., Inc., 118 Wash.App. 185, 193, 72 P.3d 1122 (2003), review denied, 151 Wash.2d 1011, 89 P.3d 712 (2004). Nonetheless, we briefly review the County's challenge here.
¶ 27 Proper service on a party other than the local jurisdiction requires compliance with the second sentence of RCW 36.70C.040(5).[9] The land use petitioner has two service options: (1) personal service under the civil rules; or (2) first class mail. RCW 36.70C.040(5).
¶ 28 Under CR 4(c), the person providing service must be competent, over 18 years of age, and not a party. CR 4(d)(2)[10] provides that personal service is effective when in compliance with RCW 4.28.080(9),[11] which requires service to an appropriate representative of an organization, such as a president. And a petitioner must do more than substantially comply with RCW 36.70C.040(5). Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 599, 972 P.2d 470 (1999).
¶ 29 Here, the parties' stipulation provided that Quality Rock's process server personally served Danver with Quality Rock's summons and petition on September 2, 2003. The stipulation stated that Danver was over 18 years old, competent, and not a party to the action. It stated that Danver "personally delivered" the summons and petition to Black Hills' President. CP at 410. And it is undisputed that Black Hills' counsel received notice of Quality Rock's petition. Quality Rock mailed their petition and summons to Black Hills' counsel on September 5, 2003, a few days after Black Hills' President received this information. And Black Hills' attorney appeared, filed pleadings, and thereafter participated in the oral arguments.
¶ 30 The stipulated facts provide stronger evidence of service than typical service of process situations. See, e.g., Haberman v. Washington Pub. Power Supply Sys., 109 Wash.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987) (service ineffective when summons and petition left outside party's doorstep). The County cites Gerean v. Martin-Joven, 108 Wash.App. 963, 969, 33 P.3d 427 (2001), and Blankenship v. Kaldor, 114 Wash.App. 312, 315, 57 P.3d 295 (2002), review denied, 149 Wash.2d 1021, 72 P.3d 761 (2003); however, these cases do not concern RCW 4.28.080(9), the applicable service statute here.
¶ 31 Further, because of the stipulation, Quality Rock withdrew its scheduled deposition of Danver, the Conservation Chair, to determine whether she was a managing agent of Black Hills for the appeal under RCW 4.28.080(9), which would satisfy CR 4. The circumstances of Danver's active role in challenging Quality Rock's land use proposals, such as signing the appeal of the hearing examiner's decision on behalf of Black Hills, reasonably implies that she had "some substantial part in the management" of Black Hills as required of a managing agent under RCW 4.28.080(9). Johanson v. United Truck Lines, 62 Wash.2d 437, 440, 383 P.2d 512 (1963) (citation omitted); see also Reiner v. Pittsburg Des Moines Corp., 101 Wash.2d 475, 477-78, 680 P.2d 55 (1984) (discussing the circumstances that constitute a managing agent).
*812 ¶ 32 Given the stipulated facts regarding service on Danver and Black Hills' President, the fact that Quality Rock refrained from its scheduled discovery on service issues, and Danver's role as the listed contact person for Black Hills on the appeal filed with the County, the trial court did not err in finding that Quality Rock properly served Black Hills under CR 4 and RCW 36.70C.040.

B. The Caption and CR 4.
¶ 33 Unlike the dispute over how service occurred on Black Hills, the County has consistently argued that Quality Rock's service on Black Hills was ineffective because the caption of Quality Rock's summons did not comply with CR 4(a)(1) and (b)(1).[12]
¶ 34 We review de novo the construction of statutes and rules and evaluate their plain language to determine legislative intent. Diehl v. W. Washington Growth Mgmt. Hearings Bd., 153 Wash.2d 207, 103 P.3d 193, 195 (2004); Campbell v. Dep't of Social & Health Servs., 150 Wash.2d 881, 894 n. 4, 83 P.3d 999 (2004).
¶ 35 CR 4(a)[13] and (b)[14] govern the form and content of a summons. "The purpose of a summons is to give certain notice of the time prescribed by law to answer and to advise the defendant of the consequences of failing to do so." Sprincin King St. Partners v. Sound Conditioning Club, Inc., 84 Wash.App. 56, 60, 925 P.2d 217 (1996).
¶ 36 RCW 36.70C.040(5)[15] sets out LUPA's service requirements and it differentiates between service methods for local jurisdictions and "other parties." Quality Rock initially argues that RCW 36.70C.040(5) does not require a party to submit a summons because the statute consistently emphasizes the timely filing and service of the land use petition and omits any reference to a summons. But given RCW 36.70C.040(5)'s incorporation of the civil rules for service of process, coupled with CR 4's purpose, this argument is unpersuasive.
¶ 37 Quality Rock contends that "Overhulse only requires strict compliance [under RCW 36.70C.040(5)] when serving the local government." Reply Br. of Appellant at 18-19. This interpretation too narrowly interprets Overhulse; instead, we interpret Overhulse's language regarding strict compliance with RCW 36.70C.040 to hold that an error in the caption, coupled with proper identification of all necessary parties in the body of the petition and service on those parties, does not dictate the conclusion that a petitioner has failed to invoke the superior court's appellate jurisdiction under RCW 36.70C.040. In Overhulse, the petitioner completely failed to serve the proper party identified under RCW 36.70C.040. 94 Wash.App. at 596, 972 P.2d 470. Thus, the procedural violation in Overhulse involved a failure to serve, not merely a mistaken caption. 94 Wash.App. at 597-99, 972 P.2d 470.
¶ 38 Overemphasis on a summons' caption violates the civil rules' emphasis that substance trumps formality. See CR 8(f) ("All pleadings shall be so construed as to do substantial justice."); CR 4(h) (allowing "[a]t any time" an amendment of "any process or proof of service ... unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."); see also 14 Karl B. *813 Tegland, Washington Practice: Service of Process § 8.2 (Supp.2004) ("Although the courts have rigorously enforced the statutes governing the manner of service, the courts have been relatively lenient with respect to the form and content of the summons.") (emphasis added).
¶ 39 RCW 36.70C.040(5) requires a petitioner to serve other parties "in accordance with the superior court civil rules." Thus, allowing a petitioner to invoke the trial court's appellate jurisdiction despite an error in the caption complies with the statutory procedural requirements under RCW 36.70C.040. See J.L. Storedahl & Sons, Inc. v. Cowlitz County, ___ Wash.App. ___, 103 P.3d 802, 805 (2004) (discussing nature of appellate jurisdiction). Furthermore, CR 4(b)'s directive that the summons provide notice and warn of potential default can be inapplicable in the LUPA context for necessary parties. Here, Quality Rock is not seeking a judgment or any type of relief against Black Hills and the statute itself provides that such parties "need not file an answer to the petition." RCW 36.70C.080(6).
¶ 40 In sum, a defect in the caption of a land use petition's summons is not ideal practice, but it does not violate RCW 36.70C.040(5)'s requirement for proper service of process absent demonstrated prejudice. See, e.g., Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe L.L.C., 116 Wash.App. 117, 124, 64 P.3d 656 (2003), review granted, 150 Wash.2d 1025, 82 P.3d 243 (2004). ("A failure to accomplish personal service of process is not a defect that can be cured by amendment of paperwork. Errors in the form of original process [a summons] are, however, generally viewed as amendable defects, so long as the defendant is not prejudiced.") (emphasis added). And as discussed above, Overhulse does not require a different result under the facts here.

II. Effect of Petition's Mistaken Caption Under LUPA and CR 10
¶ 41 The County asserts that the trial court correctly dismissed Quality Rock's petition for lack of jurisdiction because Black Hills was not identified in the caption of the petition and that CR 10(a)(1)[16] serves as a "gap filler" under RCW 36.70C.030(2) to identify the proper parties. Quality Rock responds that the petition invokes the trial court's appellate jurisdiction because it satisfies the statutory procedural requirements to commence an action under RCW 36.70C.040. Quality Rock emphasizes that the body of the petition clearly names Black Hills as a necessary party and that it timely and properly served Black Hills and the County. Quality Rock also contends that RCW 36.70C.070(5) provides guidance to a land use petitioner on how to make one a party under LUPA by cross-referencing RCW 36.70C.040.
¶ 42 We review de novo the construction of statutes and rules and evaluate the plain language to determine legislative intent. Diehl, 103 P.3d at 195; Campbell, 150 Wash.2d at 894 n. 4, 83 P.3d 999. We also review jurisdictional questions de novo. Bour v. Johnson, 80 Wash.App. 643, 647, 910 P.2d 548 (1996).

A. LUPA Provisions RCW 36.70C.040 and RCW 36.70C.070(5)
¶ 43 RCW 36.70C.040 sets out how to commence a land use action.[17] The statute's plain language establishes two requirements: the petitioner must (1) timely file the land use petition and (2) serve necessary parties. RCW 36.70C.040(2), (5). The statute has a detailed list identifying the potential parties in a land use action. RCW 36.70C.040(2).
¶ 44 In order to invoke the superior court's appellate jurisdiction under LUPA, the petitioner must satisfy the statutory procedural requirements of RCW 36.70C.040. Overhulse, *814 94 Wash.App. at 599, 972 P.2d 470. Thus, if a party fails to provide effective service on a party, the petitioner fails to satisfy RCW 36.70C.040's statutory procedural requirements. Overhulse, 94 Wash.App. at 599, 972 P.2d 470. Similarly, if the body of the land use petition fails to name a necessary party, the petition does not comply with RCW 36.70C.040. Suquamish Indian Tribe v. Kitsap County, 92 Wash.App. 816, 825, 965 P.2d 636 (1998).
¶ 45 LUPA provides further guidance on the required elements of the petition under RCW 36.70C.070, which provides that the petition shall include the "[i]dentification of each person to be made a party under RCW 36.70C.040(2)(b) through (d)." RCW 36.70C.070(5) (emphasis added). Under RCW 36.70C.030(2), the civil rules apply to "procedural matters under this chapter to the extent that the rules are consistent with this chapter."
¶ 46 Here, Quality Rock accurately emphasizes that (1) it properly served the petition on Black Hills; and (2) the petition's body identified Black Hills as a necessary party. Thus, Quality Rock argues that it complied with RCW 36.70C.040's statutory procedural requirements and properly invoked the superior court's appellate jurisdiction. Quality Rock asserts that its failure to identify Black Hills in the petition's caption is a technical error that does not deprive the court of jurisdiction to consider the merits of the land use dispute. See also Reply Br. of Appellant at 6 (declaring that the court's dismissal order "raised form over substance.").
¶ 47 The County generally asserts that RCW 36.70C.040 requires strict compliance under Overhulse and that Quality Rock's caption failed this test. But this argument does not meaningfully rebut Quality Rock's strict compliance with RCW 36.70C.040 by properly serving Black Hills with a petition that identifies it as a necessary party. Instead, the County primarily employs its argument to justify strict application of CR 10 as the basis for dismissing the petition.
¶ 48 The County's strict compliance argument also ignores that the primary concern of statutory procedural requirements for special proceedings is that a petitioner timely file and properly serve a party. See Citizens to Pres. Pioneer Park LLC v. City of Mercer Island, 106 Wash.App. 461, 468, 24 P.3d 1079 (2001) (A trial court may not hear a land use petition if it was not timely served upon certain persons designated by statute as necessary parties to the judicial review); see also Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wash.2d 169, 180-81, 4 P.3d 123 (2000); Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wash.2d 542, 555, 958 P.2d 962 (1998) (evaluating provision of Administrative Procedures Act (APA) service requirements); City of Seattle v. Pub. Employment Relations Comm'n, 116 Wash.2d 923, 926, 809 P.2d 1377 (1991) ("We hold that the City did not serve all of the parties to this action in a timely fashion and that it consequently failed to invoke the appellate jurisdiction of the superior court.") (emphasis added).
¶ 49 Both Overhulse and RCW 36.70C.040 are in accord with the foregoing principles. Here, but for the petition's mistaken caption, Quality Rock complied with RCW 36.70C.040's statutory procedural requirements.

B. Relationship of CR 10 and RCW 36.70C.040
¶ 50 The trial court based its dismissal on CR 10(a)(1) and Kitsap County Fire Protection District No. 7 v. Kitsap County Boundary Review Board, 87 Wash.App. 753, 943 P.2d 380 (1997). The County's central argument is that Quality Rock did not satisfy RCW 36.70C.040 because the petition's caption failed to comply with CR 10(a)(1). Quality Rock responds that CR 10 is a procedural rule that cannot be used to invoke or deny the court's appellate jurisdiction under RCW 36.70C.040 and that doing so elevates CR 10 to a non-statutory jurisdictional requirement by requiring strict compliance to its procedural formalities. Quality Rock also contends that RCW 36.70C.040's kprocedural requirements focus on CR 4's service requirements, not CR 10's technical formalities.
¶ 51 The County argues that RCW 36.70C.040 is silent on how a petitioner *815 names another party and that CR 10 is consistent with RCW 36.70C.040. Thus, CR 10 "fills the gap" of RCW 36.70C.040's silence. The County's argument primarily rests on Diehl v. Western Washington Growth Management Hearings Board, 118 Wash.App. 212, 75 P.3d 975 (2003), rev'd, 153 Wash.2d 207, 103 P.3d 193 (2004), and Kitsap County Fire Protection District, 87 Wash.App. at 759, 943 P.2d 380.
¶ 52 The County's arguments are unpersuasive. The County admits that CR 10 is not a jurisdictional rule. See Br. of Resp't at 29-30 ("Appellants then argue that CR 10 in and of itself is not a jurisdictional requirement and therefore compliance with this provision is not controlling.... Thurston County agrees.") (emphasis in original). Indeed, it is elementary that CR 10 generally concerns the format and appearance of pleadings. See, e.g., 9 DAVID E. BRESKIN, WASHINGTON PRACTICE: FORM OF PLEADINGS AND OTHER PAPERS § 10.1 (2000) ("Rule 10 sets out format requirements and recommendations for the pleadings ... These guidelines are designed to provide uniformity, clarity and, where possible, brevity of presentation of claims and defenses.").
¶ 53 Our Supreme Court recently overruled Diehl, holding that CR 4's service requirements were inconsistent with the APA, thus inapplicable, and not a gap filler. Diehl, 103 P.3d at 195.[18]
¶ 54 Diehl also affirmed the principle that "[s]uperior court civil rules are procedural rules, applicable only after the commencement of an action, and thus do not purport to extend subject matter jurisdiction of the court." 103 P.3d at 197. And Diehl stated that "the civil rules are clearly intended to apply only to civil actions invoking the general jurisdiction of the superior courts; an administrative appeal invokes appellate, not general or original superior court jurisdiction." 103 P.3d at 197.
¶ 55 But the County's argument that Quality Rock's caption must strictly comply with CR 10 to satisfy RCW 36.70C.040 rests primarily on Kitsap County Fire Protection District, which is distinguishable. Kitsap County Fire Protection District expressly found that the administrative body was not a state agency under the APA, but was a local agency. 87 Wash.App. at 757-58, 943 P.2d 380. Unlike a LUPA action, the notice of appeal in Kitsap County Fire Protection District was not governed by a specific statutory procedure to invoke a court's appellate jurisdiction. Thus, in Kitsap County Fire Protection District, the civil rules, including CR 10(a), were used "to instruct a party of the appropriate steps required to properly commence an action." 87 Wash.App. at 759, 943 P.2d 380 (emphasis added). They were also used for guidance on service and joining a party. Kitsap County Fire Prot. Dist., 87 Wash.App. at 760, 762, 943 P.2d 380. But here, RCW 36.70C.040 sets forth detailed statutory requirements to invoke LUPA jurisdiction.
¶ 56 The facts of the notice of appeal in Kitsap County Fire Protection District also differ. The notice of appeal was (1) untimely served on the other party; and (2) failed to name the other party in both the notice's body and caption. Kitsap County Fire Prot. Dist., 87 Wash.App. at 756, 943 P.2d 380. Here, Quality Rock timely served and named Black Hills in the body of the petition. Only the caption was mistaken. And in Kitsap County Fire Protection District, the losing party made no attempt to amend the notice of appeal. 87 Wash.App. at 756, 943 P.2d 380. Quality Rock attempted to amend the caption, but the court denied the motion.
¶ 57 Furthermore, the County incorrectly asserts that without naming Black Hills in the petition's caption, Quality Rock's petition is confusing and unclear. See Br. of Resp't at 29 ("Quality Rock identifies a number of persons in the body of their Petition.... Are some of these identified persons parties? Are all of them parties? How is anyone to know?"). But the petition's paragraphs 6.01 and 6.02 clearly state that Thurston County and Black Hills are the necessary parties. Similarly, the trial court was incorrect in characterizing Quality Rock's petition as confusing *816 and burdensome. See RP (Dec. 23, 2003) at 5 ("Although named in the body of the ... petition, the responding party should not be called to go in and dig out and try to figure out, well, what is my status in this case.").
¶ 58 The trial court's dismissal of Quality Rock's land use petition was based on a formal and technical error under CR 10(a)(1). The petition's body and service strictly complied with RCW 36.70C.040's procedural mandates. Elevating CR 10's formalist requirements to a jurisdictional threshold requirement under RCW 36.70C.040 is contrary to the purpose of both the civil rules and LUPA. Further, the court is not improperly exercising original jurisdiction by noticing that the petition's caption fails to name a party clearly identified in the same petition's body. See J.L. Storedahl & Sons, Inc., 103 P.3d at 805.
¶ 59 A formalistic error in the land use petition's caption should not serve as the sole basis to deny review of land use actions under RCW 36.70C.040. The statutory procedural requirements under RCW 36.70C.040 clearly state the petitioner's duties to invoke the court's appellate jurisdiction. RCW 36.70C.070 cross-references and is consistent with RCW 36.70C.040. These statutes are more specific than the general statement in RCW 36.70C.030(2) that the civil rules apply. Given this statutory structure, the civil rules are not jurisdictional requirements.[19]
¶ 60 Thus, we hold that the trial court erred in dismissing Quality Rock's land use action on the basis that the petition's caption was defective when the petition was properly served and the body of the petition clearly identified Black Hills as a necessary party. This result is also consistent with the requirement that we construe LUPA as a whole and harmonize all provisions. Grandmaster Sheng-Yen Lu v. King County, 110 Wash.App. 92, 102, 38 P.3d 1040 (2002).
¶ 61 We also note that a hearing on the merits in superior court is particularly appropriate given the contentious history of this land use dispute. The hearing examiner has approved Quality Rock's proposal two times and the Board has reversed two times. The superior court's independent review of the merits of the parties' claims will be useful under these circumstances.

III. MOTION TO AMEND CAPTION
¶ 62 Quality Rock argues that the trial court erred in denying its motion to amend the caption under CR 15(c). It contends that the mistaken caption is excusable neglect and emphasizes that Black Hills did not assert prejudice. The County argues that Quality Rock's motion was untimely and, thus, properly denied.
¶ 63 We review the trial court's denial of a motion to amend for an abuse of discretion. Wilson v. Horsley, 137 Wash.2d 500, 505, 974 P.2d 316 (1999). CR 15 governs a motion to amend and provides that "leave shall be freely given when justice so requires." CR 15(a). This rule's purpose is to "facilitate proper decisions on the merits;" however, "[t]he touchstone for the denial of a motion to amend is the prejudice such an amendment would cause to the nonmoving party." Wilson, 137 Wash.2d at 505-06, 974 P.2d 316. Thus, a motion's timeliness alone, without more, is generally an improper reason to deny a motion to amend. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 166, 736 P.2d 249 (1987); Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers of Am., 100 Wash.2d 343, 349, 670 P.2d 240 (1983).
¶ 64 CR 15(c)[20] applies to LUPA. Suquamish Indian Tribe, 92 Wash.App. at *817 825, 965 P.2d 636. A petitioner's failure to timely name a party in the petition's body is inexcusable neglect and the court does not need to consider any potential prejudice to the non-moving party. Suquamish Indian Tribe, 92 Wash.App. at 825, 965 P.2d 636.
¶ 65 Here, Quality Rock timely filed its amendment motion. After the County filed its motion to dismiss, Quality Rock sought discovery on the County's allegations of lack of service. Soon after the discovery issues were resolved through the parties' stipulation, Quality Rock moved to amend the defective caption of the summons and petition before the court's first hearing on the substance of the County's motion to dismiss. And contrary to the County's assertion, the court did not rule on Quality Rock's amendment motion during that first substantive hearing on December 23, 2003. After the court's oral ruling, Quality Rock filed a Notice of Issue to have a definite ruling on the issue, which the court made in March 2004.
¶ 66 The court denied the motion to amend based on inexcusable neglect.[21] But the error was merely a mistake in the caption. This fact distinguishes it from Suquamish Indian Tribe, where the moving party completely failed to name a party in the land use petition. 92 Wash.App. at 825, 965 P.2d 636.
¶ 67 Thus, the court should have considered if Quality Rock's motion to amend the caption prejudiced Black Hills. Wilson, 137 Wash.2d at 505-06, 974 P.2d 316. Black Hills did not argue or explain how the amendment prejudiced its interests. Indeed, Quality Rock properly served Black Hills, it appeared before the court, it was actively engaged in the prior administrative proceedings by twice appealing the hearing examiner's approval of Quality Rock's land use proposals, Quality Rock did not seek any form of relief or damages from the organization, and the petition clearly indicated that Black Hills was a necessary party.
¶ 68 Given these circumstances, the court abused its discretion in denying Quality Rock's motion to amend.[22]

IV. ATTORNEY FEES
¶ 69 The County seeks attorney fees under RCW 4.84.370 and RAP 14.2, even though it did not prevail on the merits of the land use dispute.[23] In Witt v. Port of Olympia, we recently rejected this argument in the context of a land use petition that was dismissed for noncompliance with RCW 36.70C.040. 124 Wash.App. 928, 103 P.3d 853 (2004).[24]Witt held that given RCW 4.84.370's statutory language,"[a] party does *818 not `substantially prevail' on a procedural issue. Instead, a party `substantially prevails' when a majority of its substantive issues are decided on the merits." Witt, 103 P.3d at 856. Thus, we deny the County's requested attorney fees.
¶ 70 We deny the County's cross-appeal regarding service on Black Hills. We reverse the trial court's dismissal of Quality Rock's petition, the denial of its motion to amend, and remand for review of Quality Rock's land use petition on the merits.
We concur: MORGAN, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] Chapter 36.70C RCW.
[2] The land use petition is 15 pages, not including the attached hearing examiner's decision.
[3] The parties stipulated to personal service of the petition on Danver. She is not a party in her individual capacity in the LUPA action.
[4] On September 5, 2003, Quality Rock served Black Hills' counsel with a copy of the LUPA petition, notice of issue, and summons by first class mail. Black Hills' counsel filed a notice of appearance in early December 2003 and provided oral argument during court hearings, but he did not file substantive motions. Instead, Black Hills filed motions that consistently adopted and incorporated the County's motions and substantive arguments.
[5] At the time, Lakeside Industries v. Thurston County, 119 Wash.App. 886, 83 P.3d 433, review denied, 152 Wash.2d 1015, 101 P.3d 107 (2004), was pending. The court believed that this case would be dispositive on the court's jurisdiction. But the record shows that the court was concerned about an issue in Lakeside that was not decided. See Lakeside, 119 Wash.App. at 903, 83 P.3d 433 ("The parties argue about whether this is an appellate proceeding and whether the constitutional grant of authority actually limits superior court appellate jurisdiction or whether the legislature may expand that jurisdiction. But we need not decide these issues because this is not an appeal from a justice or other inferior Mason County court.").
[6] This quotation encompasses the substance of the court's final order. The County proposed this order, which the court accepted.
[7] RCW 36.70C.040 provides, in part:

(1) Proceedings for review under this chapter shall be commenced by filing a land use petition in superior court.
(2) A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served on the following persons who shall be parties to the review of the land use petition:
....
(d) Each person named in the written decision who filed an appeal to a local jurisdiction quasi-judicial decision maker regarding the land use decision at issue, unless the person has abandoned the appeal or the person's claims were dismissed before the quasi-judicial decision was rendered. Persons who later intervened or joined in the appeal are not required to be made parties under this subsection.
(3) The petition is timely if it is filed and served on all parties listed in subsection (2) of this section within twenty-one days of the issuance of the land use decision.
....
(5) Service on the local jurisdiction must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process. Service on other parties must be in accordance with the superior court civil rules or by first class mail to:
....
(c) The address stated in the appeal to the quasi-judicial decision maker for each person made a party under subsection (2)(d) of this section.
(Emphasis added.)
[8] Quality Rock notes that its service by mail to Black Hills under RCW 36.70C.040 was ineffective. The County does not meaningfully challenge the service by mail, thus we do not review it.
[9] See footnote 7 for statute's text.
[10] CR 4(d)(2) provides: "Personal in State. Personal service of summons and other process shall be as provided in RCW 4.28.080-.090, 23B.05.040, 23B.15.100, 46.64.040, and 48.05.200 and .210, and other statutes which provide for personal service."
[11] RCW 4.28.080(9) provides:

If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.
[12] Accordingly, the County's arguments here did not involve CR 10, as CR 4 encompasses service requirements.
[13] CR 4(a)(1) provides: "The summons must be signed and dated by the plaintiff or his attorney, and directed to the defendant requiring him to defend the action and to serve a copy of his appearance or defense on the person whose name is signed on the summons."
[14] CR 4(b) provides:

(1) Contents. The summons for personal service shall contain:
(i) The title of the cause, specifying the name of the court in which the action is brought, the name of the county designated by the plaintiff as the place of trial, and the names of the parties to the action, plaintiff and defendant;
(ii) A direction to the defendant summoning him to serve a copy of his defense within a time stated in the summons;
(iii) A notice that, in case of failure so to do, judgment will be rendered against him by default. It shall be signed and dated by the plaintiff, or his attorney, with the addition of his post office address, at which the papers in the action may be served on him by mail.
[15] See footnote 7 for text of statute.
[16] CR 10 provides:

(a) Caption. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number if known to the person signing it, and an identification as to the nature of the pleading or other paper.
(1) Names of Parties. In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.
[17] See footnote 7 for text of statute.
[18] Diehl's incidental reference that RCW 36.70C.040(5) incorporates the civil rules is not dispositive. 103 P.3d at 197. The previous section analyzes the applicability of CR 4 under RCW 36.70C.040.
[19] The parties discuss the application of federal authority regarding the relationship between CR 10 and LUPA; however, the plain language of the rule and statute and Washington case law adequately resolve these issues.
[20] CR 15 provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
[21] Contrary to the County's appellate brief, the record demonstrates that the court denied the motion to amend under CR 15.
[22] Quality Rock contends that its failure to name Black Hills in the petition's caption is analogous to CR 15 proceedings involving a complaint's misnomer. Quality Rock's motion to amend cited Professional Marine Co. v. Those Certain Underwriters at Lloyd's, 118 Wash.App. 694, 77 P.3d 658 (2003), as authority to grant its motion. The parties do not contest Quality Rock's proposed analogy on appeal, thus we do not decide this issue. But we note that Quality Rock's argument is persuasive, albeit imperfect. Professional Marine emphasized the technical, formulistic, and non-fatal nature of the misnomer and the non-moving parties' failure to articulate prejudice, stating that, "The caption, body and service of the complaint sufficiently identify the defendant. Although the caption does not name the particular underwriters, [Professional Marine's] complaint gives sufficient notice to the underwriters by identifying the policy number, type of policy, policy dates, and the insured." 118 Wash.App. at 705, 77 P.3d 658. Similarly, Quality Rock's petition clearly identified Black Hills as a necessary party. In Professional Marine, the mistake in the caption was technical and the only material difference from the complaint. Here, but for the caption error, Quality Rock's petition satisfied LUPA procedural requirements under RCW 36.70C.040.
[23] Black Hills' counsel filed a joinder brief that wholly incorporates the County's appellate brief and expressly requests attorney fees. We deny attorney fees for the same reasons we deny the County's request; however, we note that Black Hills' failure to provide any argument or legal authority in support of fees provides an additional reason to decline this request. See RAP 18.1(b); Austin v. U.S. Bank of Wash., 73 Wash.App. 293, 313, 869 P.2d 404 (1994).
[24] Witt is currently under reconsideration, but not for its analysis of RCW 4.84.370.