118 P.3d 344 (2005)
Ann and Tom CONOM, and their marital community, Appellants,
v.
SNOHOMISH COUNTY, a municipal corporation; Carefree Homes, Inc., Robert and Barbara King, and their marital community, Respondents.
No. 76082-9.
Supreme Court of Washington, En Banc.
Argued June 7, 2005.
Decided August 25, 2005.
*345 Tom P. Conom, Edmonds, for Appellants.
Randy Marc Boyer, Lynnwood, Jason Jerome Cummings, Civil Div. Snohomish County, Everett, for Respondents.
C. JOHNSON, J.
¶ 1 This case requires us to determine whether a superior court is divested of jurisdiction to hear a land use petition if a party fails to note an initial hearing within seven days of serving the petition as required under RCW 36.70C.080(1). This case was dismissed by the trial court because the court found it lacked jurisdiction to hear the land use petition. We reverse and remand.

FACTS AND PROCEDURAL HISTORY
¶ 2 In November 2003, Tom and Ann Conom challenged an application for a rezone submitted by property owners, Robert and Barbara King, and a prospective developer, Carefree Homes, Inc. Clerk's Papers (CP) at 99-100. The proposed rezone would increase the density of the subject property in the unincorporated Meadowdale area north of Lynnwood from a six-lot subdivision to an eight-lot subdivision; the application was being decided administratively by the Snohomish County Department of Planning and Development Services. CP at 79.
¶ 3 On February 24, 2004, the Snohomish County Deputy Hearing Examiner held a public hearing, and on March 10, 2004, the rezone was approved in a written decision, finding that the subject property met the applicable approval tests. CP at 88. The Conoms' filed a motion for reconsideration which was denied. The Conoms then appealed to the Snohomish County Council. CP at 92. On May 19, 2004, the county council affirmed the decision of the deputy hearing examiner. CP at 75.
¶ 4 On June 11, 2004, the Conoms timely filed a land use petition in Snohomish County Superior Court appealing the decision of the County Council.[1] CP at 71-74. The Conoms' land use petition was served on Snohomish County the same day. The Kings and Carefree Homes were served the day before. On June 18, 2004, the county filed a notice of appearance, which was received in the mail by the Conoms on June 22, 2004. CP at 42-46. The Kings and Carefree Homes served their notices of appearance on the Conoms on July 7, 2004. CP at 23.
¶ 5 On June 23, 2004, the county filed a motion to dismiss the Conoms' land use petition. The county argued that the Conoms' failure to note the initial hearing on jurisdictional and preliminary matters as required by RCW 36.70C.080(1) divested the superior court of jurisdiction to hear the Conoms' land use petition. CP at 57-61. On June 28, 2004, the Conoms noted the initial hearing. CP at 50-51. The trial court granted the county's motion to dismiss the Conoms' land use petition. The Conoms filed a notice of appeal with this court and we granted direct review.

ANALYSIS

A. Standard of Review
¶ 6 Superior courts are courts of general jurisdiction. When a superior court acts in an appellate capacity, however, the superior court has only the jurisdiction as conferred by law. Thus, before a superior court may exercise its appellate jurisdiction, statutory procedural requirements must be satisfied. A court lacking jurisdiction must enter an order of dismissal. Crosby v. County of Spokane, 137 Wash.2d 296, 300-01, 971 P.2d 32 (1999). Whether a court may exercise jurisdiction is a question of law subject to de novo review. Similarly, questions of statutory interpretation are questions of law also subject to de novo review.

B. Land Use Petition Act
¶ 7 The Conoms maintain that the trial court improperly dismissed their land use petition because RCW 36.70C.080(1), which requires land use petitioners to note an initial hearing within seven days of serving the petition, is a procedural rather than jurisdictional requirement. Snohomish County, the Kings, and Carefree Homes (respondents) argue that RCW 36.70C.080(1) is *346 a statutory mandate that, if not met, divests the superior court of jurisdiction to hear a land use petition.
¶ 8 Under the Land Use Petition Act (LUPA), chapter 36.70C RCW, parties must comply with certain procedures when filing and serving a land use petition in order to invoke the appellate jurisdiction of a superior court. See Citizens to Preserve Pioneer Park, LLC v. City of Mercer Island, 106 Wash.App. 461, 467, 24 P.3d 1079 (2001). RCW 36.70C.040(2) states that "[a] land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served . . . ." A land use petition is timely if "it is filed and served on all parties . . . within twenty-one days of the issuance of the land use decision." RCW 36.70C.040(3).
¶ 9 No party disputes that the Conoms satisfied the requirements of RCW 36.70C.040 by timely serving and filing their land use petition. This case centers on the requirement under LUPA that a party note an initial hearing within seven days of serving a land use petition. RCW 36.70C.080(1) provides:
Within seven days after the petition is served on the parties identified in RCW 36.70C.040(2), the petitioner shall note, according to the local rules of superior court, an initial hearing on jurisdictional and preliminary matters. This initial hearing shall be set no sooner than thirty-five days and no later than fifty days after the petition is served on the parties identified in RCW 36.70C.040(2).
(Emphasis added.) "The defenses of lack of standing, untimely filing or service of the petition, and failure to join persons needed for just adjudication are waived if not raised by timely motion noted to be heard at the initial hearing . . . ." RCW 36.70C.080(3). Additionally, the briefing schedule, the date on which the record must be submitted, and the date for the trial on the merits are set at the initial hearing. RCW 36.70C.080(4). Parties have the option to waive the initial hearing. RCW 36.70C.080(5).
¶ 10 The Conoms maintain that while the requirements of RCW 36.70C.040 must be met before the superior court may exercise its appellate jurisdiction, RCW 36.70C.080(1) is "[m]erely procedural and does not implicate jurisdiction." Appellant's Br. at 14. The respondents counter that the statutory mandate that a party note the initial hearing within seven days of serving the petition is a jurisdictional prerequisite. Requiring parties to strictly comply with RCW 36.70C.080(1), the county urges, advances the legislative intent of LUPA to "provide consistent, predictable, and timely judicial review" of land use decisions. RCW 36.70C.010. The county cites our decision in Chelan County v. Nykreim, 146 Wash.2d 904, 52 P.3d 1 (2002), for the proposition that strict adherence to LUPA's statutory time limits is required.
¶ 11 The respondents are correct that we have repeatedly required parties to strictly adhere to the statutory procedures provided under LUPA for filing and serving a land use petition. In Nykreim, for example, we held that the challenge to a boundary line adjustment was time-barred under LUPA because the petitioner failed to appeal the land use decision within 21 days. We found this strict adherence to statutory time limits consistent with the "`strong public policy supporting administrative finality in land use decisions.'" Nykreim, 146 Wash.2d at 931, 52 P.3d 1 (quoting Skamania County v. Columbia River Gorge Comm'n, 144 Wash.2d 30, 49, 26 P.3d 241 (2001)). However, apart from citing cases in which appellate courts have required strict adherence to the filing and service requirements of LUPA under RCW 36.70C.040, the respondents have cited no authority where dismissal is proper other than in instances where parties failed to comply with statutory filing and service requirements.[2]
*347 ¶ 12 In a statement of additional authorities submitted to this court, the Conoms cite a recent decision from Division Two of the Court of Appeals to support its contention that the only jurisdictional prerequisites to LUPA are timely filing and service of a land use petition. In Quality Rock Products, Inc. v. Thurston County, 126 Wash.App. 250, 108 P.3d 805 (2005), Division Two examined whether a party's failure to name a necessary party in the caption of its land use petition deprived the superior court of jurisdiction. While the court acknowledged that the requirements of RCW 36.70C.040 require strict compliance, it found that the trial court wrongfully dismissed the land use petition. The petitioner's failure to comply with CR 10(a)(1) (Caption: Names of Parties) was based on a formal and technical error, which did not deprive the superior court of jurisdiction. The court found that the civil rules are procedural rules that do not prescribe jurisdictional requirements, stating that "[e]levating CR 10's formalist requirements to a jurisdictional threshold requirement under RCW 36.70C.040 is contrary to the purpose of both the civil rules and LUPA." Quality Rock, 126 Wash.App. at 271, 108 P.3d 805.
¶ 13 Based on their contention that RCW 36.70C.080(1) is merely a procedural requirement, the Conoms rely on Will v. Frontier Contractors, Inc., 121 Wash.App. 119, 89 P.3d 242 (2004), to support their argument that dismissal of their LUPA petition for failing to comply with RCW 36.70C.080(1) was improper. In Will, Division Two of the Court of Appeals held that dismissal of a breach of contract claim was an improper sanction for a homeowner's failure to serve an amended complaint containing that cause of action. Involuntary dismissal under CR 41(b) is the appropriate remedy where: (1) the party's refusal to obey a court order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed. The court stated that "Washington courts do not resort to dismissal lightly." Will, 121 Wash.App. at 129, 89 P.3d 242.
¶ 14 The Conoms, the county argues, blur the difference between statutory requirements, such as those in LUPA, and procedural requirements under the civil rules. The county contends that generally noncompliance with a statutory mandate is not substantial compliance. The county relies on San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 943 P.2d 341 (1997), to support its position. In that case, the court held that a developer's service of a land use petition on a deputy auditor after office hours on the 21st day after the issuance of a land use decision did not actually or substantially comply with the statutory time limit for filing land use appeals. Relying on our decision in Crosby, the court stated that "[i]n order for the doctrine of substantial compliance to apply, there must have been some actual compliance with the relevant statute, because substantial compliance is `actual compliance' with the `substance' of a statutory requirement." San Juan Fidalgo, 87 Wash.App. at 711, 943 P.2d 341. Thus, the county argues, because there was no actual compliance with the procedural requirements of RCW 36.70C.080(1), the Conoms did not comply with the substance of the statutory requirement.
¶ 15 While respondents may be correct that the Conoms did not substantially comply with the requirement that they note an initial hearing within seven days of serving their land use petition, the respondents have not established that RCW 36.70C.080(1) is a jurisdictional requirement that divests the superior court of jurisdiction if not met. While it is well established that statutory procedural requirements must be met in order for a superior court to exercise its appellate jurisdiction, cases standing for this proposition have involved statutory procedural requirements *348 for filing and service of the appeal.[3] The directive of RCW 36.70C.040(2) that a land use petition is barred unless timely served and filed comports with this general rule. However, RCW 36.70C.080(1) is a scheduling statute analogous to procedures provided in the civil rules, not statutory procedures required to invoke the appellate jurisdiction of a superior court. Furthermore, unlike RCW 36.70C.040, the statute does not state that a land use petition is barred if a party fails to note the initial hearing within seven days. Like the Court of Appeals in Quality Rock, we will not elevate this procedural requirement, even though it is a statutory procedural requirement, to a jurisdictional threshold requirement.
¶ 16 Finding the requirement that a party note an initial hearing within seven days of serving a land use petition to be a jurisdictional prerequisite is overly formalistic and does not further the purpose of LUPA. As stated above, the purpose of LUPA is to establish "uniform, expedited appeal procedures" and to provide "consistent, predictable, and timely judicial review." RCW 36.70C.010. While strict adherence to statutory time limits is necessary under RCW 36.70C.040 in order to preserve the finality of administrative decisions, we do not find it necessary to extend this strict adherence requirement to RCW 36.70C.080(1) in order to further the purpose of LUPA. The requirement that the hearing be held between 35 to 50 days of serving the petition ensures that the uniform, expedited appeal procedures of LUPA are accomplished, not the requirement that the hearing be noted in seven days. The failure to timely note the initial hearing does not preclude the initial hearing from occurring within 35 to 50 days. Thus, if a party fails to timely note the hearing, but the hearing still occurs within the requisite statutory time period, the purpose of LUPA is preserved. In this case, the initial hearing was scheduled within the requisite time period under RCW 36.70C.080(1) despite the Conoms' failure to note the hearing within seven days of serving their land use petition.
¶ 17 As discussed above, Washington courts do not enter an order of dismissal lightly. A trial court resorts to dismissal when a party shows it is substantially prejudiced by another party's actions. The county was not substantially prejudiced here, as it claims, by the Conoms' failure to note the initial hearing within seven days of serving their land use petition. While the county maintains that this failure reduced the number of days that it had to investigate whether certain defenses were available that it was required to raise at the initial hearing, RCW 36.70C.080(1) informed the county that it had at least 35 days from the time it was served with the Conoms' land use petition to prepare for the initial hearing. The county was not precluded from preparing for the initial hearing before the Conoms noted it after being on notice from the filing of the Conoms' land use petition.
¶ 18 We find that a party's failure to note an initial hearing within seven days of serving a land use petition as required under RCW 36.70C.080(1) does not divest a superior court of jurisdiction to hear a land use petition.

C. The Conoms' Request for CR 11 Sanctions and Attorney Fees
¶ 19 The Conoms requested CR 11 sanctions and attorney fees at the trial court and renew their request with this court. The Conoms argue that the respondents provided no authority for the proposition that the requirements of RCW 36.70C.080(1) are jurisdictional. CR 11(a) requires that:
[T]o the best of the party's or attorney's knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
*349 If an attorney fails to abide by this rule, he or she may be liable to opposing counsel for costs and attorney fees.
¶ 20 CR 11 sanctions are not proper here. There is no support for the Conoms' contention that the county's motion to dismiss was frivolous and not supported by authority. The county's motion to dismiss, which was granted by the trial court, was made in good faith. The Conoms are not entitled to CR 11 sanctions.

D. The Respondents' Request for Attorney Fees
¶ 21 Respondents request attorney fees and costs under RCW 4.84.370 pursuant to RAP 18.1,[4] which states that "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before . . . the . . . Supreme Court, the party must request the fees or expenses." RAP 18.1(a). RCW 4.84.370(2) provides recovery of attorney fees if a party substantially prevails on appeal of a land use action and prevailed in the proceedings below.
¶ 22 The respondents are not entitled to attorney fees because they are not successful on this appeal.

CONCLUSION
¶ 23 We reverse the decision of the trial court and remand for further proceedings.
WE CONCUR: ALEXANDER, C.J., and MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, JJ. [CHECK DOCNUM]
NOTES
[1] Every Snohomish County Superior Court judge recused from this case. By special designation, a King County Superior Court judge was assigned. CP at 13-15.
[2] See, e.g., Samuel's Furniture v. Dep't of Ecology, 147 Wash.2d 440, 54 P.3d 1194, 63 P.3d 764 (2002) (holding that the Department of Ecology was barred from challenging a city's land use decision because it failed to file a land use petition in superior court within 21 days); Lakeside Indus. v. Thurston County, 119 Wash.App. 886, 900, 83 P.3d 433 (finding that a superior court did not have jurisdiction to hear a land use petition where the petition was not filed within 21 days), review denied, 152 Wash.2d 1015, 101 P.3d 107 (2004); Witt v. Port of Olympia, 126 Wash.App. 752, 109 P.3d 489 (2005) (finding that a petitioner did not satisfy the requirements of RCW 36.70C.040(2) because it failed to correctly serve a party); Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 972 P.2d 470 (1999) (finding that a superior court properly dismissed a land use petition where a party improperly served the petition on a party identified in RCW 36.70C.040); Citizens to Preserve Pioneer Park LLC v. City of Mercer Island, 106 Wash.App. 461, 24 P.3d 1079 (2001) (finding that a LUPA petition was not barred under RCW 36.70C.040(2) where the petitioner failed to serve a party who had abandoned its appeal).
[3] See, e.g., Diehl v. W. Wash. Growth Mgmt. Hearings Bd., 153 Wash.2d 207, 103 P.3d 193 (2004); Crosby, 137 Wash.2d 296, 971 P.2d 32.
[4] In their brief to this court, the Conoms made a motion to strike this portion of the respondents' brief. Because respondents do not prevail on appeal and, therefore, are not entitled to attorney fees under RCW 4.84.370, it is unnecessary for us to address this motion.