116 P.3d 446 (2005)
Stephen SLEASMAN and Barb Sleasman, husband and wife, Appellant/Cross Respondent,
v.
CITY OF LACEY, a Washington Municipal Corporation, Respondent/Cross Appellant.
No. 31775-3-II.
Court of Appeals of Washington, Division 2.
July 26, 2005.
*447 Joseph Michael Svoboda, Lacey, WA, William Dale Kamerrer, Law Lyman Daniel Kamerrer et al., Olympia, WA, for Respondent.
Michael G. Gusa, Kalikow & Gusa, Olympia, WA, for Appellant.

OPINION PUBLISHED IN PART
HUNT, J.
¶ 1 Stephen and Barbara Sleasman appeal the superior court's denial of their Land Use and Petition Act (LUPA)[1] petition and affirmance of the City of Lacey's monetary sanction for removing 18 trees from their property without a permit. They argue the sanction was improper because (1) the ordinance under which the City imposed the sanction was unconstitutionally vague, (2) the ordinance violated their due process rights as applied, (3) their tree removal was exempt from the ordinance's application, and (4) the amount of the sanction was too high. The City cross-appeals, arguing that the trial court should have granted the City's motion to dismiss when the Sleasmans failed to note and to set a timely initial hearing under LUPA.
¶ 2 Holding that the City's interpretation of its tree ordinance phrase "partially developed" is entitled to deference, we affirm the trial court's denial of the City's motion to dismiss and its upholding of the City Hearing Examiner's ruling.

FACTS APPLICABLE TO PUBLISHED PORTION OF OPINION
¶ 3 On June 9, 2003, Stephen and Barbara Sleasman appealed a City of Lacey's Hearing Examiner decision (on the applicability of the City's tree-removal permit ordinance) by filing a LUPA petition and a complaint for damages with the Thurston County Superior Court. They characterized their residential property as "developed" and argued they were not required to obtain a tree removal permit because the City tree ordinance applies only to "undeveloped" or "partially developed" land. They also argued that the tree ordinance was unconstitutionally vague and, as applied, violated their due process rights.
¶ 4 The City received service on June 9, 2003. On July 23, 2003, the City filed a motion to dismiss the Sleasmans' LUPA petition, based on their failure to note and to set an "initial hearing"[2] within the time period *448 prescribed in RCW 36.70C.080(1). On August 1, 2003, the trial court denied this motion.
¶ 5 On August 8, 2003, the Sleasmans noted the initial hearing for August 15, 2003, sixty-seven days after they filed and served their LUPA petition. On January 30, 2004, the trial court held the initial hearing and orally denied the Sleasmans' LUPA petition and their equal protection claim. The trial court requested additional briefing on the issues of vagueness and whether the tree ordinance applied to the Sleasmans' property.
¶ 6 After the trial court held a second hearing, it issued a letter opinion, ruling that the ordinance was not vague and that it applied to the Sleasmans' property because it was "partially developed." The trial court also entered a judgment upholding the Hearing Examiner's decision, ruling that "the ordinance provided fair warning to the petitioner and did not violate the constitutional rights of the petitioner." Clerk's Papers (CP) at 211-12.
¶ 7 The Sleasmans appeal. The City cross-appeals.

ANALYSIS

I. JURISDICTION
¶ 8 In denying the City's motion to dismiss, the trial court ruled that LUPA's time limits for noting and setting an initial hearing under RCW 36.70C.080(1) were mandatory, but procedural, because (1) the requirements arise after the threshold jurisdictional acts of filing and service; and (2) other sanctions, short of dismissal, were available and more appropriate.
¶ 9 The trial court held a separate hearing on the Sleasmans' LUPA claims, which it denied. The trial court upheld the Hearing Examiner's decision, ruling that the City's tree ordinance (1) was not vague, (2) "provided fair warning to the petitioner," (3) "did not violate the constitutional rights of the petitioner," CP at 211-12, and (4) applied to the Sleasmans' property because it was only "partially developed." CP at 209-10.
¶ 10 The City acknowledges that RCW 36.70C.080(1) does not come into play until the trial court has obtained jurisdiction. But in its cross-appeal, the City argues that the trial court erred in denying the City's motion to dismiss based on the Sleasmans' failure to note and to set the initial hearing (on jurisdictional and preliminary matters) within LUPA-prescribed time limits under RCW 36.70C.080(1). The City contends (1) these limits are both "mandatory and jurisdictional"; (2) an alternative interpretation would defeat LUPA's purpose to expedite land use decisions; (3) other LUPA time limits have been strictly applied;[3] and (4) a party's failure to comply with intermediate time requirements can divest a court of previously acquired jurisdiction, citing Erection Co. v. Dep't of Labor & Indus., 121 Wash.2d 513, 518, 852 P.2d 288 (1993).
¶ 11 The Sleasmans counter that (1) LUPA's RCW 36.70C.080(1) time limits are procedural, not jurisdictional; and (2) the *449 City's cited cases are distinguishable because they rely on provisions that are clearly jurisdictional by their "plain language," unlike RCW 36.70C.080(1), which is not jurisdictional on its face.
¶ 12 No published Washington case has decided whether LUPA's RCW 36.70C.080(1) timeliness requirements for noting and setting an initial hearing are jurisdictional or procedural. Thus, we confront an issue of first impression.

A. Standard of Review
¶ 13 We review a trial courts denial of a motion to dismiss for abuse of discretion. Quality Rock Prod., Inc. v. Thurston County, 126 Wash.App. 250, 260, 108 P.3d 805 (2005). A trial court abuses its discretion when its decision is "manifestly unreasonable or based on untenable grounds." Grandmaster Sheng-Yen Lu v. King County, 110 Wash.App. 92, 99, 38 P.3d 1040 (2002). A courts decision is manifestly unreasonable
if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.
Grandmaster Sheng-Yen Lu, 110 Wash.App. at 99, 38 P.3d 1040. We review jurisdictional questions de novo. Quality Rock, 126 Wash.App. at 267, 108 P.3d 805.

B. LUPA
¶ 14 The issue of whether a LUPA petitioner has timely noted an initial hearing on jurisdictional and preliminary matters under RCW 36.70C.080(1) arises only after the trial court acquires LUPA jurisdiction by the petitioner's timely filing and service of his LUPA petition. LUPA provides in pertinent part:
Within seven days after the petition is served on the parties identified in RCW 36.70C.040(2), the petitioner shall note, according to the local rules of superior court, an initial hearing on jurisdictional and preliminary matters. This initial hearing shall be set no sooner than thirty-five days and no later than fifty days after the petition is served on the parties identified in RCW 36.70C.040(2).
RCW 36.70C.080(1) (emphases added).
¶ 15 The word "shall" in a statute is "presumptively imperative and operates to create a duty . . . unless a contrary legislative intent is apparent." Erection Co., 121 Wash.2d at 518, 852 P.2d 288. Nonetheless, a mandatory provision may be either procedural or jurisdictional. Lewis County v. W. Wash. Growth Mgmt. Hearings Bd., 113 Wash.App. 142, 153-54, 53 P.3d 44 (2002). Thus, we must decide whether the term "shall" as used in RCW 36.70C.080(1) is procedural or jurisdictional.
¶ 16 The cases the City cites, for the proposition that courts have strictly construed other LUPA time limits as jurisdictional, do not resolve the issue before us. These cases concern either the timeliness of a LUPA appeal or service,[4] both of which are prerequisites to the superior court's acquiring LUPA jurisdiction.[5] These cases do not address the effect of compliance or non-compliance with timeliness requirements for setting and noting an initial hearing after the superior court has acquired LUPA jurisdiction.
¶ 17 As the City posits, Erection Co. suggests that a later-arising, "intermediate [timeliness] requirement" may deprive a court of jurisdiction after having acquired it. *450 But because Erection Co. focused on a different statute, this case is distinguishable: RCW 49.17.140(3) requires the Department of Labor and Industries (L & I) to act within 30 days if it wishes to "reassume jurisdiction" over a matter "upon which notice of appeal has been filed." 121 Wash.2d at 516-19, 852 P.2d 288 (emphasis added). The purpose of RCW 49.17.140(3) in Erection Co., as here, was to assure swift review by preventing the agency from sitting on a matter and hindering the contesting party's ability to obtain appellate court review. Erection Co. 121 Wash.2d at 523, 852 P.2d 288; RCW 36.70C.010. If L & I did not timely reassume jurisdiction, it lost jurisdiction.
¶ 18 Here, the superior court, acting in its appellate capacity[6] under LUPA, already had jurisdiction before RCW 36.70C.080(1) was triggered. Thus, the time requirement for noting and setting an initial hearing prevented only LUPA petitioners, such as the Sleasmans, from delaying swift review of their own complaints. Moreover, the trial court here had several enforcement tools at its disposal to ensure the Sleasmans' LUPA compliance, short of dismissal of their LUPA petition. For example, the trial court noted it could have ordered the Sleasmans to comply and, if they did not, it could have issued sanctions.
¶ 19 We hold, therefore, that the City has failed to show the trial court abused its discretion in denying the City's motion to dismiss the Sleasmans' action.
¶ 20 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, P.J., and VAN DEREN, J.
NOTES
[1] Chapter 36.70C RCW.
[2] The purpose of the "initial hearing" under RCW 36.70C.080 is to highlight jurisdictional and preliminary matters and either to resolve or to put them on the calendar:

(1) Within seven days after the petition is served on the parties identified in RCW 36.70C.040(2), the petitioner shall note, according to the local rules of superior court, an initial hearing on jurisdictional and preliminary matters. . . .
(2) The parties shall note all motions on jurisdictional and procedural issues for resolution at the initial hearing, except that a motion to allow discovery may be brought sooner. Where confirmation of motions is required, each party shall be responsible for confirming its own motions.
(3) The defenses of lack of standing, untimely filing or service of the petition, and failure to join persons needed for just adjudication are waived if not raised by timely motion noted to be heard at the initial hearing, unless the court allows discovery on such issues.
(4) The petitioner shall move the court for an order at the initial hearing that sets the date on which the record must be submitted, sets a briefing schedule, sets a discovery schedule if discovery is to be allowed, and sets a date for the hearing or trial on the merits.
RCW 36.70C.080(1)-(4).
[3] The City cites as examples: Chelan County v. Nykreim, 146 Wash.2d 904, 940, 52 P.3d 1 (2002); Citizens to Preserve Pioneer Park LLC v. City of Mercer Island, 106 Wash.App. 461, 467, 24 P.3d 1079 (2001); and Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 597, 972 P.2d 470 (1999).
[4] See Chelan County 146 Wash.2d at 932, 52 P.3d 1 (concerning timeliness of appeal); Citizens to Pres. Pioneer Park, 106 Wash.App. at 467, 24 P.3d 1079 (concerning timeliness of service); Overhulse, 94 Wash.App. at 598, 972 P.2d 470 (concerning timeliness of service).
[5] LUPA contains no explicit statement that its timely appeal and service requirements are jurisdictional. RCW 36.70C.080(1). But RCW 36.70C.040(2) provides, "A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served. . . ." See also Lakeside Indus. v. Thurston County, 119 Wash.App. 886, 899, 83 P.3d 433, review denied, 152 Wash.2d 1015, 101 P.3d 107 (2004) (timely filing an appeal as a jurisdictional issue) (emphasis added); Quality Rock, 126 Wash.App. at 267, 108 P.3d 805, (interpreting and distinguishing Overhulse on the basis of a defective caption).
[6] The superior court acted in its appellate capacity under LUPA when it reviewed the Hearing Examiner's decision. See RCW 36.70C.040(5); Quality Rock, 126 Wash.App. at 267, 108 P.3d 805 (describing what a petitioner must do to invoke the superior court's appellate LUPA jurisdiction under RCW 36.70C.040).