[No. 31490-8-II.   Division Two.   August 3, 2005.]

KING'S WAY FOURSQUARE CHURCH ET AL., *Appellants*, v.
CLALLAM COUNTY ET AL., *Respondents*.

*Dave Neupert*; and *J. Thomas Richardson, Donald E. Marcy*, and *Diana S. Shukis* (of *Cairncross & Hempelmann, P.S.*), for appellants.

*Craig A. Ritchie* (of *Ritchie Law Firm, P.S.*); *Deborah S. Kelly, Prosecuting Attorney for Clallam County*, and *Christopher Melly, Deputy*; *Duncan K. Fobes* (of *Lee Smart Cook Martin & Patterson, P.S., Inc.*); and *Erwin P. Jones, Jr.*, for respondents.

¶1 MORGAN, A.C.J. — In this land use case, the trial court dismissed a land use petition brought by King's Way Foursquare Church because King's Way did not timely schedule an initial hearing as required by RCW 36-.70C.080(1). We reverse and remand.

¶2 In 2002, King's Way wanted to develop a retreat center and youth camp on its property in Clallam County. It needed and hence applied for a conditional use permit (CUP). On May 29, 2003, a county hearing examiner granted the CUP, subject to certain conditions.

¶3 King's Way and several neighbors[1] appealed to the Board of County Commissioners. After a hearing on November 18, 2003, the Board orally indicated that it would affirm the hearing examiner, and its intent was noted in minutes prepared by the clerk of the Board. On December 2, 2003,

---

[1] The neighbors included Erwin P. Jones, Jr., Diane Jones, Pam Larsen, and Joan Winsor.

the Board adopted and signed Resolution No. 111,[2] in which it affirmed the hearing examiner.

¶4 On December 5, 2003, the neighbors sought review by filing a land use petition in superior court. They argued that the hearing examiner had improperly granted the permit. They named King's Way as a party and timely noted an initial hearing as required by RCW 36.70C.080(1). That statute provides:

> Within seven days after the petition is served on the parties identified in RCW 36.70C.040(2), the petitioner shall note, according to the local rules of superior court, an initial hearing on jurisdictional and preliminary matters. This initial hearing shall be set no sooner than thirty-five days and no later than fifty days after the petition is served on the parties identified in RCW 36.70C.040(2).

¶5 On December 23, 2003, King's Way sought review by filing its own land use petition in the superior court.[3] It argued that although the hearing examiner had properly granted the permit, he had imposed conditions that were too onerous. It did not note an initial hearing within seven days of service, but on January 15, 2004, it moved to consolidate its petition with the neighbors' petition. That same day, the neighbors filed a motion to dismiss King's Way's petition because it had not been filed within 21 days of the Board's decision and also because it had not been noted for an initial hearing within 7 days. The next day, Clallam County moved to dismiss King's Way's petition because it had not been timely noted for an initial hearing.

¶6 On January 30, 2004, the superior court dismissed King's Way's petition. The court reasoned that although King's Way had timely filed its petition, it had failed to note an initial hearing within seven days as required by

---

[2] Resolution No. 111 was entitled "Findings of Fact, Conclusions of Law, and Decision on Closed Record Appeal of Conditional Use Permit (CUP) 2002-00014." Clerk's Papers at 51.

[3] King's Way's petition also claimed relief under 42 U.S.C. § 1983, but that is not in issue here.

RCW 36.70C.080 and that such failure deprived the court of jurisdiction to proceed.

¶7 On February 27, 2004, King's Way appealed to this court. On July 20, 2004, while King's Way's appeal to this court was pending, the superior court heard and dismissed with prejudice the neighbors' land use petition, thus affirming what the hearing examiner had done. Understandably, King's Way did not appeal.

¶8 On January 5, 2005, the county and the neighbors moved this court to dismiss King's Way's appeal. They contended, based on King's Way's not having appealed the superior court's dismissal of the neighbors' land use petition, that King's Way's land use petition was now barred by res judicata and judicial estoppel. All parties briefed the matter, and we address it herein.

I

¶9 The neighbors contend that King's Way's land use petition should be dismissed with prejudice because it was not filed within 21 days of the Board's decision. RCW 36.70C.040(3) requires that a land use petition be filed and served within 21 days of the land use decision that is being appealed. RCW 36.70C.040(4)(b) provides when a legislative body sitting in a quasi-judicial capacity makes a land use decision by ordinance or resolution, the date of that decision is "the date the body passes the ordinance or resolution."

¶10 The issue is whether the Board "passed" Resolution No. 111 when it orally indicated its intent to do that (November 18, 2003) or when it entered the written resolution itself (December 2, 2003). In judicial proceedings, the date of a decision is generally the date on which the decision is reduced to writing,[4] as opposed to an earlier date on

---

[4] *State v. Kilburn*, 151 Wn.2d 36, 39 n.1, 84 P.3d 1215 (2004) ("trial court's oral decision has no binding or final effect unless it is formally incorporated into findings of fact, conclusions of law and judgment"); *State v. Rundquist*, 79 Wn.

which it may be orally announced.[5] In quasi-judicial proceedings such as these, the rule is the same.[6] Hence, we think that the Board "passed" Resolution No. 111 on December 2, 2003, and that King's Way timely filed its petition.

## II

■ ¶11 Although King's Way concedes that it did not note an initial hearing within seven days of serving its petition,[7] it contends that the trial court should not have dismissed its petition for lack of jurisdiction. In RCW 36.70C.040(2), the legislature stated that "[a] land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served" on specified persons. In RCW 36.70C.080(1), the legislature stated that a petitioner must note "an initial hearing on jurisdictional and preliminary matters" within 35 to 50 days of serving the petition—but *not* that a land use petition is barred unless the hearing is so noted. The necessary implication is that the remedy for failing to note an initial hearing is *not* barring or dismissing the petition. Without determining whether the remedy should

---

App. 786, 792, 905 P.2d 922 (1995) (timeliness of appeal is measured from date of written dismissal, not verbal dismissal), *review denied,* 129 Wn.2d 1003 (1996).

[5] *State v. Michielli,* 132 Wn.2d 229, 242, 937 P.2d 587 (1997) (court has "cautioned against relying on a trial court's oral statements"); *Ferree v. Doric Co.,* 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963) ("It must be remembered that a trial judge's oral decision is no more than a verbal expression of his informal opinion at that time.").

[6] *Kilpatrick v. City of Anacortes,* 84 Wn. App. 327, 331, 927 P.2d 1145 (1996) (in quasi-judicial proceeding, "[a]n oral vote will not be final if further action is necessary to complete it—for example, when a vote to approve a variance is followed by a written order setting forth detailed conditions"). As far as this record shows, the Board's oral vote on November 18 remained subject to change, and thus did not become final, until December 2.

[7] Br. of Appellant at 9; Reply Br. of Appellant at 2. Additionally, counsel for King's Way stated while arguing the motion to dismiss, "It's undisputed King's Way did not arrange for the initial hearing within seven days of filing and service." Report of Proceedings at 10.

be sanctions, damages, or some other form of relief, we conclude that the trial court erred by dismissing King's Way's petition.

## III

■ ■ ¶12 Based on the trial court's dismissal of the neighbors' petition, the county and the neighbors moved this court to dismiss King's Way's petition on grounds of res judicata. That doctrine bars the relitigation of a claim that was adjudicated to finality in another action and also of a claim that could have been raised and, and in the exercise of reasonable diligence, should have been raised in another action.[8] The underlying policy is that a party should have one, but not more than one, full and fair opportunity to adjudicate his or her claim.[9]

■ ¶13 In this case, Resolution No. 111 was final except for relief that might be granted on appeal. The neighbors appealed to the superior court, arguing that the permit had been improperly granted in the first instance. King's Way appealed to the superior court, arguing that the permit had been properly granted but improperly conditioned. The superior court would undoubtedly have consolidated the two appeals if King's Way's had not been dismissed. At the hearing in July 2004, the superior court could not have addressed the merits of King's Way's appeal because it had already dismissed King's Way's petition. King's Way obviously had no motivation to appeal the superior court's *rejection* of the neighbors' petition. Taking all these circumstances into account, we hold that King's Way was erroneously prevented from appealing; that it has not yet had one full and fair opportunity to litigate its case; and that res judicata does not apply here.

---

[8] *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328-30, 941 P.2d 1108 (1997).

[9] *Lejeune v. Clallam County*, 64 Wn. App. 257, 266, 823 P.2d 1144, *review denied*, 119 Wn.2d 1005 (1992).

## IV

¶14 The County and the neighbors claim that King's Way is judicially estopped from proceeding with its appeal. They reason that while opposing the neighbors' appeal in superior court, King's Way asserted a position inconsistent with their own appeal.[10] As King's Way points out, however, it was careful to note that it was *both* responding to the neighbors' appeal *and* pursuing its own. King's Way's assertions were not improperly inconsistent, and it is not judicially estopped.

¶15 Any other arguments are meritless or need not be reached.

¶16 The superior court's order dismissing King's Way's appeal is reversed, and the case is remanded for that court to address the merits (if any) of King's Way's appeal.

HOUGHTON and ARMSTRONG, JJ., concur.

Reconsideration denied September 12, 2005.

Review denied at 156 Wn.2d 1037 (2006).

---

[10] *See, e.g., Garrett v. Morgan,* 127 Wn. App. 375, 379, 112 P.3d 531 (2005) (judicial estoppel "serves to preclude a party from gaining an advantage by asserting one position before a court and then later taking a clearly inconsistent position before the court").