121 P.3d 777 (2005)
Charles "Ray" REEVES, Appellant,
v.
CITY OF WENATCHEE, Respondent.
No. 23762-1-III.
Court of Appeals of Washington, Division 3, Panel Three.
October 27, 2005.
*778 John W. Beuhler, Cassel, Behuler & Murdock PS, Wenatchee, WA, for Appellant.
Danielle R. Marchant, M. Katie Yount, Steve D. Smith, Attorneys at Law, Wenatchee, WA, for Respondent.

PUBLISHED OPINION
BROWN, J.
¶ 1 Under RCW 36.70C.080(1), a party has seven days after filing a Land Use Petition Act (LUPA) petition to note an initial hearing on jurisdictional and preliminary matters. The superior court dismissed Charles "Ray" Reeves' LUPA petition for noncompliance with this statute. He appeals, contending the court had jurisdiction to decide his petition and the court's dismissal denied him due process. We follow recent case law establishing RCW 36.70C.080(1) is procedural, not jurisdictional, and reverse.

FACTS
¶ 2 On July 28, 2004,[1] the City of Wenatchee Code Enforcement Board (Board) entered findings of fact and conclusions of law, finding Mr. Reeves violated Wenatchee Housing Ordinances 3127 and 3070. The Board imposed sanctions and ordered Mr. Reeves to remove "all inoperable and/or junk vehicles, debris, trash, metals, and other such material" and "[t]o cease and desist from using the property as a parking facility, a wrecking yard or a business location." Clerk's Papers (CP) at 31.
¶ 3 The final paragraph of the Board's decision notified Mr. Reeves of his right to appeal to the superior court and states, "Any appeal shall be pursuant to the procedures of RCW 7.16.030 through 7.16.140." CP at 16.
¶ 4 On August 17, 2004, Mr. Reeves filed a LUPA petition with the superior court, asking the court to reverse the Board's decision. He repeatedly cited to RCW 36.70C, concerning judicial review of land use decisions. Mr. Reeves, however, did not note an initial hearing as required under RCW 36.70C.080(1). The City successfully requested dismissal based on the court's perceived lack of jurisdiction based on RCW 36.70C.080(1). Mr. Reeves appealed.

ANALYSIS
¶ 5 The issue is whether the trial court erred in dismissing Mr. Reeves' LUPA petition and concluding Mr. Reeves' failure to note an initial hearing under RCW 36.70C.080(1) deprived it of jurisdiction.
¶ 6 We review a trial court's decision on a motion to dismiss for abuse of discretion. Emmerson v. Weilep, 126 Wash.App. 930, 935, 110 P.3d 214 (2005). However, a court's statutory interpretation is reviewed de novo. Id. (citing Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997)). Thus, we review the trial court's interpretation of RCW 36.70C.080(1) de novo.
¶ 7 As discussed above, RCW 36.70C.080(1) requires a LUPA petitioner to note an initial *779 hearing "[w]ithin seven days after the petition is served." The purpose of the "initial hearing" is to highlight jurisdictional and preliminary matters and either to resolve or to put them on the calendar. RCW 36.70C.080(1).
¶ 8 Subsequent to the parties' filing of their briefs, Division Two of this court filed two opinions directly on point.
¶ 9 In Sleasman v. City of Lacey, 128 Wash.App. 617, 116 P.3d 446 (2005), petitioners filed a LUPA petition, appealing a hearing examiner's decision regarding tree removal. They did not note an initial hearing until 67 days after they filed and served their petition. The superior court denied the City's motion to dismiss. On appeal, Division Two held the time requirements for noting an initial hearing under LUPA, although mandatory, were procedural rather than jurisdictional. Id. at 624, 116 P.3d 446. Therefore, the petitioners' failure to timely note an initial hearing did not deprive the superior court of jurisdiction. Id. Further, the court recognized the superior court had other enforcement tools, such as sanctions to ensure petitioners' compliance with LUPA time requirements. Id.
¶ 10 Similarly, in King's Way Foursquare Church v. Clallam County, 128 Wash.App. 687, 116 P.3d 1060 (2005), Division Two held the petitioner's LUPA petition was not subject to dismissal based on the petitioners' alleged failure to timely schedule an initial hearing. The court relied in part on the distinction between RCW 36.70C.040(2) and RCW 36.70C.080(1). Id. at 692, 116 P.3d 1060. RCW 36.70C.040(2) states, "[a] land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served." (Emphasis added.) However, in RCW 36.70C.080(1), the legislature did not use the words "a land use petition is barred, and the court may not grant review" in setting forth the time period for noting an initial hearing. Based on this difference, the court in King's Way concluded, "[t]he necessary implication is that the remedy for failing to note an initial hearing is not barring or dismissing the petition." Id. at 692, 116 P.3d 1060. (Emphasis in original).
¶ 11 Because the reasoning in Sleasman and King's Way is sound, we hold Mr. Reeves' LUPA petition should not have been dismissed for lack of jurisdiction. The requirements for noting an initial hearing under RCW 36.70C.080(1), although mandatory, are procedural rather than jurisdictional. The initial hearing contemplated in RCW 36.70C.080(1) appears akin to a case scheduling or status conference designed to provide for preliminary matters prior to hearing.
¶ 12 Since the resolution of this issue is dispositive, we do not reach Mr. Reeves' due process contention. Finally, because the City has not prevailed, we deny its attorney fee request.
¶ 13 Reversed.
WE CONCUR: SWEENEY, A.C.J., and SCHULTHEIS, J.
NOTES
[1] The Board's decision was not served on Mr. Reeves until August 19, 2004, but he received notice of its decision on July 29, 2004.