# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| KHAMSING SITTHIDET, | ) | No. 75545-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION |
| NATIONSTAR MORTGAGE; | ) | FOR RECONSIDERATION, |
| QUALITY LOAN SERVICE OF WA | ) | WITHDRAWING AND |
| | ) | SUBSTITUTING OPINION |
| Respondent. | ) | |
| | ) | |

Respondent Nationstar Mortgage has filed a motion for reconsideration of this court's opinion filed on March 5, 2018. The panel has determined that respondent's motion for reconsideration should be granted. The panel has further determined that the opinion filed on March 5, 2018 should be withdrawn and a substitute opinion be filed. Now, therefore, it is

ORDERED that respondent's motion for reconsideration is granted. It is further

ORDERED that the opinion filed on March 5, 2018 is withdrawn and a substitute opinion be filed.

_____
COX, J

_____
Spearman, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KHAMSING SITTHIDET, | ) | No. 75545-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE; | ) | |
| QUALITY LOAN SERVICE OF | ) | UNPUBLISHED OPINION |
| WASHINGTON, | ) | |
| | ) | FILED: April 9, 2018 |
| Respondents. | ) | |

VERELLEN, C.J. — Khamsing Sitthidet filed a lawsuit seeking to enjoin

Nationstar Mortgage and Quality Loan Service of Washington from foreclosing on

his home. Sitthidet contends the trial court erred in vacating a default judgment

and granting summary judgment dismissing his lawsuit. Sitthidet further

challenges a finding that he is a vexatious litigant and the trial court's award of

attorney fees. We affirm.

## FACTS

In 2003, Sitthidet borrowed $141,500 from Regal Mortgage Company. The

loan was secured by a deed of trust on Sitthidet's home in Renton. The deed of

trust identified Sitthidet as the borrower, Regal as the lender, and Flagstar Bank,

FSB as the trustee. In 2005, First Horizon Home Loans Corporation acquired the servicing rights to the loan from Flagstar.

On April 23, 2010, Sitthidet filed a motion for a temporary restraining order in federal district court against First Horizon ("the first federal action"). Although not entirely clear, it appears Sitthidet disputed First Horizon's calculation of the loan escrow account.[1] The court dismissed the first federal action for failure to plead a federal claim.

On July 9, 2010, Sitthidet filed a complaint against First Horizon in King County Superior Court ("the first state action"). As in the first federal action, Sitthidet initially alleged that First Horizon was fraudulently miscalculating his escrow balance. Sitthidet subsequently filed a pleading entitled "Rescission of Deed of Trust," asserting that he was entitled to rescind the deed of trust because the lender failed to make various mandatory disclosures in violation of the Truth in Lending Act (TILA)[2] and the Real Estate Settlement Procedures Act (RESPA).[3] On February 28, 2011, Sitthidet moved to voluntarily dismiss the first state action. The court's order of dismissal provided: "If plaintiff files substantially the same

---

[1] In his brief, Sitthidet repeatedly refers to the loan as "fictitious," but the documents in the record on appeal are all consistent with a loan actually funded. Sitthidet claims "[t]here was no signature of any lender or servicer or beneficiary [sic] their loan document," but does not cite to the record supporting his claim. Appellant's Br. at 6.

[2] 15 U.S.C. § 1601.

[3] 12 U.S.C. § 2601. Sitthidet also recorded a "Rescission of Deed of Trust" with the King County Recorder's Office.

action against First Horizon Home Loan in the future, the court should consider the award of costs pursuant to CR 41(d)."[4]

On August 1, 2011, Nationstar assumed the servicing rights to Sitthidet's loan from First Horizon.

On March 19, 2012, Sitthidet filed a complaint against First Horizon and Nationstar in federal district court ("the second federal action"). Sitthidet alleged that First Horizon did not rescind his loan as requested in 2010, but instead sold the loan to Nationstar in violation of TILA. The court dismissed the second federal action with prejudice, holding that the TILA claim was time-barred because Sitthidet did not seek rescission within three years of the transaction.

> When a borrower alleges improper notice of a right to rescission under TILA, the right to rescission expires three years after the start of the loan transaction or the sale of the property, whichever occurs first. 15 U.S.C. §1635(f). In Beach v. Ocwen Federal Bank, the Supreme Court found that "section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period." 523 U.S. 410, 412[, 118 S. Ct. 1408, 140 L. Ed. 2d 566] (1998). Thus, a party has no ability to seek an exception to the time limit to extend that period. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164-65 (9th Cir. 2002).
>
> . . . .
>
> Plaintiffs' claims for rescission under TILA were filed too late. . . . Khamsing obtained his loan in 2003 and did not file suit until nine years later.[5]

---

[4] Clerk's Papers (CP) at 283.

[5] CP at 446.

On March 22, 2016, Sitthidet filed a complaint against Nationstar and Quality Loan Services in King County Superior Court ("the second state action"). Sitthidet alleged the same TILA claim as in his second federal complaint, that Nationstar could not foreclose on the property because he had rescinded the loan in 2010. Sitthidet also alleged that Nationstar and Quality had wrongfully initiated foreclosure proceedings in violation of Washington's Deeds of Trust Act.[6] [7] Sitthidet sent a copy of the summons and complaint to Nationstar's registered agent by certified mail. However, Sitthidet did not personally serve Nationstar.

On April 14, 2016, Sitthidet filed an ex parte motion for a default judgment against Nationstar. On April 19, 2016, a superior court commissioner granted Sitthidet's motion and found Nationstar in default. Nationstar received a copy of the default order by mail on April 22, 2016. On April 25, 2016, Nationstar moved to vacate the order of default. Nationstar asserted that the superior court lacked jurisdiction because it had not been personally served with the summons and complaint.

---

[6] Ch. 61.24 RCW.

[7] Sitthidet specifically alleges that Nationstar and Quality violated RCW 61.24.030(7)(a), which provides that "for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust," and RCW 61.24.030(8), which provides that "at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor."

On April 26, 2016, Sitthidet filed a second motion for default. Sitthidet did not formally note the motion in accordance with KCLCR 7(b)(5)(A), but indicated in his pleadings that he wished to have the matter heard on June 22, 2016.[8]

On May 13, 2016, the assigned trial judge vacated the first order of default.

Nationstar moved for summary judgment to dismiss the second state action. On June 24, 2016, the trial court granted Nationstar's motion and dismissed the second state action. The trial court also found that Sitthidet was a vexatious litigant and restrained him from filing any further litigation concerning his home mortgage loan without obtaining leave of court. The trial court ordered that Sitthidet's second motion for default "ostensibly noted for June 22, 2016, is deemed moot for failure to note."[9]

On July 15, 2016, the trial court entered a judgment awarding attorney fees to Nationstar in the amount of $20,348.18. Sitthidet appeals.

## ANALYSIS

Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal.[10] An appellant must provide "argument in support of the issues presented for review, together with citations to legal

---

[8] KCLCR 7(b)(5)(A) provides: "A Notice of Court Date shall be filed with the motion. The Notice shall identify the moving party, the title of the motion, the name of the hearing judge, the trial date, the date for hearing, and the time of the hearing if it is a motion for which oral argument will be held."

[9] CP at 3.

[10] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

authority and references to relevant parts of the record."[11] Failure to support assignments of error with legal arguments precludes review.[12] Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered.[13]

Sitthidet first challenges the trial court's order vacating the default judgment. "We review de novo the decision to grant or deny a motion to vacate a default order for lack of jurisdiction."[14]

CR 4(d) requires personal service of a summons and complaint unless otherwise excused. A judgment entered without proper service of the summons and complaint is void for lack of jurisdiction.[15] It is undisputed that Sitthidet did not personally serve Nationwide with the summons and complaint. Thus, the trial court did not err in vacating the default judgment.

Sitthidet appears to argue that the trial court erred in failing to grant his second motion for default. But a motion for default may be made only when a defendant has failed to appear or defend. By the time Sitthidet renoted his motion,

---

[11] RAP 10.3(a)(6).

[12] Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991).

[13] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[14] Brown v. Garrett, 175 Wn. App. 357, 366, 306 P.3d 1014 (2013).

[15] Am. Express Centurion Bank v. Stratman, 172 Wn. App. 667, 672, 292 P.3d 128 (2012).

Nationstar had appeared and filed its answer to the complaint. Sitthidet does not identify how he was entitled to a default judgment.

Sitthidet next challenges the summary judgment dismissal of his claims. We review a trial court's summary judgment decision de novo, engaging in the same inquiry as the superior court.[16] Summary judgment is proper if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law.[17] This court may affirm summary judgment on any ground supported by the record.[18]

As to Sitthidet's TILA claim, summary judgment was appropriate because it was barred by res judicata. Res judicata prohibits the relitigation of claims that either were litigated or, in the exercise of reasonable diligence, could have been litigated in a prior action.[19] For the doctrine to apply, there must be a final prior judgment and a current action that share an identity of (1) subject matter, (2) causes of action, (3) persons and parties, and (4) the quality of the persons for

---

[16] Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

[17] Id.

[18] LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

[19] King's Way Foursquare Church v. Clallam County, 128 Wn. App. 687, 693, 116 P.3d 1060 (2005).

or against whom the claim is made.[20] We review whether res judicata bars relitigation of a claim de novo.[21]

Here, Sitthidet previously brought a TILA claim against Nationstar in federal court, asserting the same facts. The claim was dismissed as time-barred. The subject matter, cause of action and parties were identical. Sitthidet was barred by res judicata from bringing the claim against Nationstar in state court.

As to Sitthidet's DTA claim, the DTA does not create an independent cause of action for monetary damages in the absence of a completed nonjudicial foreclosure sale of the property.[22] Because the record does not establish that a foreclosure sale has occurred, Sitthidet cannot, as a matter of law, bring a DTA claim, and summary judgment was proper.

Sitthidet next contends that the trial court erred in granting summary judgment because he was not provided sufficient notice of the hearing. A summary judgment motion and supporting pleadings "shall be filed and served not later than 28 calendar days before the hearing."[23] That prescribed period is increased by three days when service is by mail.[24] Nationstar's motion was filed

---

[20] Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865-66, 93 P.3d 108 (2004) (quoting Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)).

[21] Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

[22] Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 417, 334 P.3d 529 (2014).

[23] CR 56(c).

[24] CR 6(e).

and served by mail on Sitthidet on May 24, 2016, exactly 31 days before the hearing on June 24, 2016. Consequently, Sitthidet received the required notice.

Sitthidet asserts the trial court erred in finding that he is a vexatious litigant and restraining him from filing further lawsuits without leave of court. We review a trial court's order limiting a party's access to the court for an abuse of discretion.[25] A court may "place reasonable restrictions on any litigant who abuses the judicial process."[26] The record shows that Sitthidet engaged in a pattern of repetitive and frivolous litigation. Sitthidet had filed three prior lawsuits arising from the same set of facts. And Sitthidet had been previously warned that sanctions could be imposed for filing substantially the same action again. The trial court did not abuse its discretion.

Finally, Sitthidet challenges the award of attorney fees. This court reviews an award of attorney fees for abuse of discretion.[27] The party challenging the trial court's decision bears the burden of proving the trial court exercised its discretion in a way that was clearly untenable or manifestly unreasonable.[28]

---

[25] Bay v. Jensen, 147 Wn. App. 641, 657, 196 P.3d 753 (2008).

[26] Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008).

[27] Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

[28] Noble v. Safe Harbor Family Pres. Tr., 167 Wn.2d 11, 17, 216 P.3d 1007 (2009).

In Washington, attorney fees may be awarded when authorized by a contract, a statute, or a recognized ground in equity.[29] Sitthidet's deed of trust provides that the lender "shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument."[30] Accordingly, Nationstar was entitled to recover its reasonable attorney fees and costs. Sitthidet does not meet his burden to identify how the trial court abused its discretion in the award or the amount of such fees.

Nationstar requests attorney fees on appeal pursuant to RAP 18.1 and the fee provision in the deed of trust. Nationstar, as the prevailing party, is entitled to an award of attorney fees on appeal, upon compliance with RAP 18.1.

Affirmed.

WE CONCUR:

---

[29] Fisher Props., Inc. v. Arden-Mayfair, Inc., 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986).

[30] CP at 206.