IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PATRISHA LUSSIER,

Appellant,

v.

NATHAN SPRICKERHOFF and
CLARE JUICO,

Respondents.

No. 77884-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 17, 2019

LEACH, J. — Patrisha Lussier sued Nathan Sprickerhoff and Clare Juico for unlawful detainer, back rent, and attorney fees. The trial court denied Lussier's later request to amend her complaint to add more claims. Lussier then filed a second lawsuit against Sprickerhoff and Juico for waste, breach of oral contract, and injury to property. Sprickerhoff and Juico asked the trial court to dismiss the second suit on the basis of res judicata. The trial court granted Sprickerhoff and Juico's request and awarded them their attorney fees. Because the record does not show that the trial court made a final decision in the first lawsuit that resolved Lussier's additional claims, we reverse and remand.

FACTS

Patrisha Lussier rented a home to Nathan Sprickerhoff and Clare Juico. On October 21, 2016, Lussier gave Sprickerhoff and Juico notice to terminate the tenancy and demanded that they vacate the home by November 30, 2016. Sprickerhoff and

Juico asserted that they had the right to continue occupying the home and refused to vacate. On December 23, 2016, Lussier filed an amended action for unlawful detainer against Sprickerhoff and Juico (Suit I), seeking eviction, back rent, and attorney fees and costs.[1]

On January 31, 2017, Sprickerhoff and Juico vacated the property. The next day, Lussier inspected the home and discovered damage to its roof, upstairs bathroom and kitchen, furnace, and walls in the bedroom and garage. She also discovered "large amounts of garbage and personal items on the property."

Since possession of the property ceased to be an issue in Suit I, on March 1, 2017, the trial court converted Suit I to an ordinary civil suit for damages.[2] At that time, the parties told the trial court about their agreement to engage in an "inexpensive mediation." Between March and May 2017, Lussier made numerous, but ultimately unsuccessful, attempts to coordinate mediation with Sprickerhoff and Juico.

On September 1, 2017, Lussier asked the trial court for permission to amend her complaint to add claims for damages to property. Sprickerhoff and Juico opposed Lussier's request. They argued,

> The Court has not been given reasonable notice of the damages now alleged, and justice requires that the Court should not grant Plaintiff leave the [sic] amend her complaint now, less than a week prior to the hearing on the Motion to Amend the Complaint on September 11, 2017. Plaintiff had every opportunity, over several months, to Amend her Complaint, and doing so now dos [sic] not give the Court reasonable notice.

---

[1] While the record indicates that Lussier initiated Suit I on December 22, 2016, a copy of her original complaint is not in the record on appeal.

[2] After this conversion, only Lussier's claims for back rent and attorney fees remained for adjudication in Suit I.

- 2 -

(Emphasis in original.)

On September 11, 2017, the trial court denied Lussier's request to amend the complaint.

On September 22, 2017, the trial court transferred Suit I to mandatory arbitration for resolution. The appointed arbitrator set January 5, 2018, as the hearing date for arbitration of Suit I.

Meanwhile, on October 9, 2017, Lussier started a second lawsuit against Sprickerhoff and Juico (Suit II). In Suit II, Lussier asserted claims of breach of oral contract to maintain the property, waste, negligent injury to property, intentional injury to property, and attorney fees pursuant to RCW 64.12.020. Sprickerhoff and Juico asked the court to dismiss Suit II based on res judicata and requested attorney fees.

On December 8, 2017, the trial court granted Sprickerhoff and Juico's request to dismiss Suit II. On December 12, 2017, the court entered an order awarding Sprickerhoff and Juico attorney fees and costs. Lussier appeals.

## STANDARD OF REVIEW

We review decisions dismissing claims as a matter of law de novo.[3] We also review de novo whether a party is entitled to an award of attorney fees.[4]

---

[3] In re Det. of A.S., 91 Wn. App. 146, 157 n.6, 955 P.2d 836 (1998) (motions to dismiss involving pure questions of law are reviewed de novo), aff'd, 138 Wn.2d 898, 982 P.2d 1156 (1999).
[4] Maytown Sand & Gravel, LLC v. Thurston County, 191 Wn.2d 392, 438, 423 P.3d 223 (2018).

ANALYSIS

Res judicata prohibits the relitigation of claims that the parties either litigated or, in the exercise of reasonable diligence, could have litigated in a prior action.[5] Courts developed the doctrine to prevent relitigation of previously determined causes and to curtail harassment in the courts.[6] For the doctrine to apply, there must be a final prior action and a current action that share an identify of (1) subject matter, (2) cause of action,[7] (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.[8] Whether res judicata applies presents a question of law.[9]

As a threshold requirement to show res judicata bars a claim, the party asserting res judicata must show a final decision on the merits in earlier litigation.[10] Nothing in the record indicates that Sprickerhoff and Juico met this threshold.

The record does not show any final decision entered on the merits of Suit I before the December 2017 dismissal of Suit II. In denying her request to amend, the trial court apparently based its decision only on the timeliness, but not the merits, of

[5] King's Way Foursquare Church v. Clallam County, 128 Wn. App. 687, 693, 116 P.3d 1060 (2005).

[6] Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 395, 429 P.2d 207 (1967).

[7] Causes of action are the same for purposes of claim preclusion when (1) prosecution of the second action would destroy or impair rights or interests established in a prior judgment, (2) substantially the same evidence is involved in both actions, (3) the two suits involve infringement on the same rights, and (4) the two suits arise out of the "'same transactional nucleus of facts.'" Rains v. State, 100 Wn.2d 660, 663-64, 674 P.2d 165 (1983) (quoting Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

[8] Schoeman v. New York Life Ins. Co., 106 Wn.2d 855, 858, 726 P.2d 1 (1986).

[9] Landry v. Luscher, 95 Wn. App. 779, 782-83, 976 P.2d 1274 (1999).

[10] Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

Lussier's assertion of her property injury claims.[11] The record does not show that res judicata barred the claims in Lussier's Suit II. So we reserve and remand for further proceedings.

Lussier also challenges the trial court's award of fees and costs to Sprickerhoff and Juico on grounds of lack of foundation. In light of our reversal of the order dismissing Suit II, we also reverse the court's award of costs and fees.

## CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.

_____ Leach, J.

WE CONCUR:

_____ Mann, A.C.J.

_____ Dwyer, J.

---

[11] Here, the trial court stated "that pursuant to Defendant's Answer to Plaintiff's Motion to Amend Complaint, Plaintiff's motion is DENIED." While a trial court may deny motions to amend upon finding the proposed amendments to be meritless, futile, or unduly prejudicial, Haselwood v. Bremerton Ice Arena, Inc., 137 Wn. App. 872, 889-90, 155 P.3d 952 (2007), aff'd, 166 Wn.2d 489, 210 P.3d 308 (2009), the order denying Lussier's motion does not include any such findings.